(169 App. Div. 607)

### O'BRIEN v. CITY OF NEW YORK. (No. 7674.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

SHERIFFS AND CONSTABLES ☞71—FEES AND SALARY—STATUTES.

 The Bronx County Act (Laws 1912, c. 548) provided by section 3 for the election of a sheriff for four years, by section 4 fixed his salary at $10,000 per annum and required all fees received for services within the scope of his duties to be paid into the treasury of the city of New York, and by section 11 continued all acts specially applicable to the county of New York and not inconsistent therewith in the county of Bronx. Laws 1890, c. 523, relating to the office of sheriff of the city and county of New York, as amended by Laws 1911, c. 761, provided by section 1 that after June 1, 1897, the sheriff of the county of New York should have a salary of $12,000 per annum, and for all services for which certain fees were allowed under section 17 thereof and Code Civ. Proc. § 3307, should be entitled to one-half. Plaintiff, the sheriff of Bronx county, in 1914 collected $1,650 and turned it over to the chamberlain of the city of New York, as required by section 4. Held, that he was not entitled to recover one-half of such amount as for fees collected by him.

 [Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 98; Dec. Dig. ☞71.]

Appeal from Special Term, New York County.

Action by James F. O'Brien against the City of New York. From an order denying plaintiff's motion for judgment on the pleadings, and from a judgment sustaining defendant's demurrer, and dismissing the complaint, plaintiff appeals. Judgment and order affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William Cohn, of New York City, for appellant.

Frank L. Polk, Corp. Counsel, of New York City (Terence Farley, of New York City, of counsel), for appellee.

CLARKE, J. The action is to recover $824.73 from the city, claimed to be due plaintiff as for fees collected by him in his official capacity

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as sheriff of Bronx county and turned over to the chamberlain of the city of New York according to law.

On January 1, 1914, plaintiff qualified as sheriff, and during the months of January, February, and March collected the sum of $1,-649.46 in fees regulated and prescribed by statute for various services performed. As required by section 4, c. 548, Laws of 1912, plaintiff deposited said sum with the chamberlain. He claims that by section 1 of chapter 523, Laws of 1890, and the acts supplementary thereto and amendatory thereof, he is entitled to one-half the amount so turned over. Defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The Bronx County Act (chapter 548 of the Laws of 1912) provides:

"Sec. 3. * * * There shall be elected in the said county of Bronx at the general election of nineteen hundred and thirteen * * * a sheriff. * * * The official term of said officers shall be as follows: * * * The sheriff, four years. * * * Such officers shall have all the powers and perform all the duties as required by the Constitution and the laws of this state prescribing the duties and powers of such officers. * * * The sheriff shall make the following appointments, and the annual salary of each appointee shall be as hereinafter specified: An undersheriff, at five thousand dollars; ten deputy sheriffs, at two thousand five hundred dollars each; five assistant deputy sheriffs, at one thousand five hundred dollars each; a cashier, at two thousand five hundred dollars; a secretary at two thousand dollars; a chief clerk, at one thousand five hundred dollars. * * *

"Sec. 4. * * * The salary of the sheriff shall be ten thousand dollars per annum. * * * All fees, statutory or otherwise, which under any provision of law may be paid to any of the officials above provided for in this act or for rendering any services whatever of a public nature within the scope of the duties and powers of the said officials shall be paid into the treasury of the city of New York, except as herein otherwise provided. * * *

"Sec. 11. All acts and parts of acts specially applicable to the county of New York or that portion of the borough of Bronx formerly part of the county of Westchester annexed to the city of New York by chapter nine hundred and thirty-four of the laws of eighteen hundred and ninety-five and now in force in the borough of Bronx and not inconsistent with this act shall continue in full force and effect in the county of Bronx, as though the said county had been in existence at the time of the passage of said acts, as though the name of the said county of Bronx had appeared in said acts and parts of acts wherever the name of the county of New York or the county of Westchester appears in said acts or parts of acts."

Chapter 523 of the Laws of 1890, "An act in relation to the office of sheriff of the city and county of New York," was amended by chapter 761 of the Laws of 1911, so as to read as follows:

"Section 1. From and after the first day of June, eighteen hundred and ninety-seven, the sheriff of the county of New York shall be allowed a salary at the rate of twelve thousand dollars per year, which said salary shall be in full for all services and duties performed by the said sheriff in summoning jurors, transporting prisoners, certifying the number of convictions for crimes to the secretary of state, and for all other services performed by him either for the state of New York, or for the county of New York; and for all services and duties performed by the said sheriff for which certain fees are allowed as specified and set forth in section seventeen of this act and the various subdivisions thereof and in section three thousand three hundred and seven of the Code of Civil Procedure, the said sheriff shall be entitled to one-half of such fee to be paid to him as hereinafter provided. * * *"

The plaintiff claims that as the sheriff of New York county was authorized by law to retain one-half of the fees in addition to the salary provided, and as his jurisdiction extended over the territory now contained in Bronx county, so he, as sheriff of Bronx county, is entitled to one-half of his fees, and that the provisions of the New York County Sheriff's Act was made applicable to the new county by section 11 of the Bronx County Act, quoted supra.

We do not agree with this reasoning, because section 4 of the Bronx County Act expressly provides for a salary of $10,000, and then provides that all fees paid to any of the officers enumerated should be paid into the treasury, while section 11 itself exempts from the acts and parts of acts applicable to the county of Bronx those "inconsistent with this act." The provision that the sheriff should receive one-half of the fees is inconsistent with the provision that all fees should be paid into the treasury of the city. It seems to us that such special legislation as is relied upon should be clearly defined and certain, and not left to remote inference. The appellant has collated on his brief a number of sheriff's acts, showing the varying provisions in the different counties in the state; but they all tend to show that, where the sheriff has been made a salaried officer, the general trend of legislation has been to deprive him of fees, and where he is to receive any part of said fees there is a specific provision therefor.

The judgment and order appealed from should be affirmed, with costs and disbursements to the respondent. All concur.